IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20–CV–0090–BR

ABC PHONES OF NORTH CAROLINA, )
INC., d/b/a VICTRA )
)
       Plaintiff, )
  v. )    ORDER
)
ALI YAHYAVI, and WIRELESS WORLD, )
LLC d/b/a EXPERTS CHOICE, )
)
       Defendants. )

This matter is before the court on ABC Phones of North Carolina, Inc.'s, d/b/a Victra, ("Victra" or "plaintiff"), motion for a temporary restraining order ("TRO") against Wireless World, LLC d/b/a Experts Choice ("Experts Choice" or "Wireless World"), and Ali Yahyavi ("Yahyavi") (collectively "defendants"). (DE # 9.) Defendants filed a response, (DE # 17), to which plaintiff filed a reply, (DE # 18). Also before the court is plaintiff's motion to expedite review of its motion for a preliminary injunction. (DE # 21.) Defendants filed a response, (DE # 22), and a reply was filed thereafter, (DE # 23). These matters are now ripe for adjudication.

## I.    BACKGROUND

This case concerns the alleged breach of a prior Victra employee's termination agreement. The evidence for purposes of the TRO motion follows.[1] "Victra operates stores as

---

[1] The parties dispute what type of evidence the court is permitted to review upon a TRO motion. Specifically, defendants contest plaintiff's reliance on its verified amended complaint and an affidavit by Antonio Herrera ("Herrera") for statements based upon "information and belief" as opposed to "personal knowledge." (Resp. Opp'n, DE # 17, at 6–9; Reply, DE # 18, at 4.) For purposes of this motion, the court will not consider any statements made solely "upon information and belief." See, e.g., Allstate Ins. Co. v. McKinney, No. 1:18–CV–00240–MR–DLH, 2018 WL 4186421, at *3 (W.D.N.C. Aug. 31, 2018) (finding that preliminary injunctive relief cannot be granted on conclusory averments based "upon information and belief," rather a plaintiff must produce actual and specific evidence to support its request for extraordinary relief). Additionally, because the amended complaint and Herrera's affidavit contain statements that unless indicated otherwise, all information is based upon personal knowledge, (Am. Compl., DE # 7, at 14; Herrera Aff., DE # 7-4, ¶ 2), the numbered paragraphs beginning with "upon information and belief" will not be considered for this motion. See King v. N. Carolina Dep't of Pub. Safety, No. 5:12–CV–152–F,

an authorized retailer for Verizon[,]" (Am. Compl., DE # 7, ¶ 7), and "has been in the Wireless Retail Business since 1996," (id. ¶ 8). It employs "more than 4,500 people in over 1,000 locations across 46 states, including North Carolina and California." (Id. ¶ 9.) "In 2017, Yahyavi was employed by Victra as its Area Vice President of Sales in Victra's West Territory[.]" (Id. ¶ 12.)

"On or about May 30, 2019, Yahyavi resigned his employment from Victra[.]" (Id. ¶ 14.) "In exchange for monetary and other valuable consideration, Yahyavi executed an Agreement including certain restrictive covenants with Victra on or about May 30, 2019[.]" (Id. ¶ 15.) One such covenant, hereinafter the "Non-Solicitation Clause," states in relevant part:

> Employee agrees that for twelve (12) months after the Effective Termination Date, Employee shall not, directly or indirectly, on Employee's own behalf or on behalf of or in conjunction with any person or legal entity. . . (c) recruit, solicit, or induce, or attempt to recruit, solicit, or induce, any employee of the Company or its related Parties to terminate their employment relationship with the Company for any reason whatsoever. . . .

(Termination Agreement, DE # 7-1, ¶ 5(E).) Furthermore, the Agreement provides, the "Employee hereby acknowledges (1) that Company will suffer irreparable harm if Employee breaches his/her obligations under subparagraph . . . E above. . . ." (Id. ¶ 5(F).)

On or around June 2019, Yahyavi joined Experts Choice as the Chief Sales Officer. (Yahyavi Decl., DE # 17-1, ¶ 10.) He became the Chief Executive Officer of Experts Choice in February 2020 and currently serves in that role. (Id. ¶ 1.)

In the meantime, "[o]n or about June 4, 2019, Aaron Alaniz (Regional Director, Southern California) [] resigned from Victra." (Am. Compl., DE # 7, ¶ 20.) Other employees followed:

---

2014 WL 69601, at *2 (E.D.N.C. Jan. 8, 2014) (finding it "more prudent to undergo an independent analysis of whether a particular factual statement is admissible" rather than exclude the entirety of the sworn pleading if the pleading makes it clear which statements are based upon personal knowledge and which are based upon information and belief (citing Hogge v. Stephens, No. 3:09CV582, 2011 WL 2161100, at *5 (E.D. Va. June 1, 2011), aff'd, 469 F. App'x 160 (4th Cir. 2012))).

Marco Bright (District Manager, Sacramento, California) on or around February 15, 2020, (id. ¶ 21), Nicholas Alexander (District Manager, Pacific-East, Washington) on or about March 1, 2020, (id. ¶ 22), and Michael Heuer (Regional Director, Pacific Northwest) on or about March 1, 2020, (id. ¶ 23). Additionally, "Yahyavi recently contacted Antonio Herrera, Regional Director of the Northern California territory for Victra," (id. ¶ 24), telling Herrera, "'If you ever need anything, I'll take care of you[,]'" (Herrera Aff., DE #7-4, ¶ 9). Herrera "understood the purpose of his call was to encourage [him] to seek employment with Wireless World." (Id.) Yahyavi disputes that the statement was made in an effort to recruit Herrera. (See Yahyavi Decl., DE # 17-1, ¶ 16.)

In total, Herrera states, "[w]ithin the last seven to ten days, 8 employees, including 5 Managers, have resigned their employment with Victra to begin working for Wireless World." (Herrera Aff., DE #7-4, ¶ 6.) "Only 3 managers remain employed by Victra to cover its Sacramento stores." (Id. ¶ 11.) Further, "[i]n February and March of 2020, at least three (3) District Managers have informed [Herrera] that [] Yahyavi, CEO of Wireless World, contacted them multiple times to recruit, induce, solicit and/or encourage them to leave Victra and work for Wireless World." (Id. ¶ 14.)

As a result, Victra purportedly has suffered irreparable harm, including the outlay of "additional resources to recruit, hire, and train new managers and to temporarily reassign employees which is outside the usual course of business," (id. ¶ 13), as well as "negatively impacted morale among Victra employees and [] a significant decrease in Victra's sales," (id. ¶ 17). Victra brings claims for breach of contract against Yahyavi, (Am. Compl., DE # 7, at 8), and tortious interference with the contract against Experts Choice, (id. at 9), as well as a claim

3

under the Unfair and Deceptive Trade Practices Act pursuant to N.C. Gen. Stat. § 75-1.1 against both defendants, (id. at 10).

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)). "The standard for granting either a TRO or a preliminary injunction is the same." Georgia Vocational Rehab. Agency Bus. Enter. Program v. United States, 354 F. Supp. 3d 690, 693 (E.D. Va. 2018) (citation omitted). As such, the party seeking a TRO must make a clear showing that:

> (1) they are likely to succeed on the merits; (2) they will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in their favor; and (4) the injunction is in the public interest.

League of Women Voters of N. Carolina v. North Carolina, 769 F.3d 224, 236 (4th Cir. 2014) (internal citation omitted); accord Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); see also Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 345 (4th Cir. 2009) ("Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a 'clear showing' that, among other things, it is likely to succeed on the merits at trial." (internal citation omitted)). A district court does not need to "mechanically consider all four Winter factors if one is clearly absent." Henderson for Nat'l Labor Relations Bd. v. Bluefield Hosp. Co., LLC, 902 F.3d 432, 439 (4th Cir. 2018) (citing Winter, 555 U.S. at 20); accord In re Search Warrant Issued June 13, 2019, 942 F.3d 159, 171 (4th Cir. 2019).

Examining these factors, the court concludes that plaintiff has not clearly shown irreparable harm. To meet its burden, plaintiff must show irreparable harm, and that such harm

4

is likely, see Winter, 555 U.S. at 20 (finding that the mere "possibility" of harm is too lenient a standard, the harm must be "likely"), absent immediate relief. "To demonstrate irreparable harm, a party must establish that (1) the harm is certain and great, actual and not theoretical, and so imminen[t] that there is a clear and present need for equitable relief; and (2) that, once incurred, the threatened harm would be beyond remediation." N. Carolina State Conference of NAACP v. Cooper, No. 1:18CV1034, 2019 WL 7372980, at *24 (M.D.N.C. Dec. 31, 2019) (internal citation and quotation marks omitted) (alternation in original).

> "The key word [] is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994) (citing Sampson v. Murray, 415 U.S. 61, 90 (1974)). "A plaintiff must overcome the presumption that a preliminary injunction will not issue when the harm suffered can be remedied by money damages at the time of judgment." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (internal citation omitted). However, "extraordinary circumstances may give rise to the irreparable harm required for a preliminary injunction" even if the alleged injury "can be compensated by money damages at judgment[.]" Hughes Network Sys., Inc., 17 F.3d at 694; accord Bethesda Softworks, L.L.C. v. Interplay Entm't Corp., 452 F. App'x 351, 354 (4th Cir. 2011).

Plaintiff claims irreparable harm as a result of:

1. Lost employees/managers;
2. Expended additional resources to recruit, hire, and train new managers and to temporarily reassigned employees;

5

3. The Agreement's provision stating Victra will suffer irreparable harm if the Agreement is breached;
4. Negative employee morale; and
5. A decrease in sales.

(See Mem. Supp. TRO, DE # 10, at 6, 10; Reply, DE # 18, at 9–10.)

Plaintiff does not allege an extraordinary monetary harm, such as bankruptcy or insolvency, see Hughes Network Sys., Inc., 17 F.3d at 694 (providing examples of "extraordinary circumstances" such as the moving party facing bankruptcy or the non-moving party near insolvency and therefore would be unable to reimburse the moving party absent relief), that prevents plaintiff from being compensated by money damages at the time of judgment. As for the non-monetary harms alleged—loss of employees and employee morale— they are blanket assertions devoid of any justification for relief. Without factual enhancement, it is not clear to the court that they are harms that once lost, are lost in perpetuity. Cf. Brightview Grp., LP v. Teeters, No. CV SAG–19–2774, 2020 WL 978665, at *15 (D. Md. Feb. 28, 2020) (recognizing the misappropriation of trade secrets may qualify as irreparable harm because trade secrets, once exposed, are lost forever). "While the Court gives weight to parties' contractual statements regarding the nature of harm and attendant remedies that will arise as a result of a breach of a contract, these statements alone are insufficient to support a finding of irreparable harm and an award of injunctive relief." Nat'l League of Junior Cotillions, Inc. v. Porter, No. 306–CV–508–RJC, 2007 WL 2316823, at *3 n.9 (W.D.N.C. Aug. 9, 2007), aff'd, 280 F. App'x 322 (4th Cir. 2008); cf. Western Industries-North, LLC v. Lessard, No. 1:12CV177 JCC/TRJ, 2012 WL 966028, at *6 n.5 (E.D. Va. Mar. 21, 2012) (finding that a contractual provision regarding the nature of harm and attendant remedies in addition to evidence of loss of customer

goodwill and loss of future business sufficient to show irreparable harm). Because plaintiff has failed to make a clear showing that it will likely suffer irreparable harm absent an injunction, the court will deny the request for temporary relief.

### III. CONCUSION

Plaintiff's motion for a temporary restraining order (DE # 9) is DENIED. Plaintiff's motion to expedite review of its motion for preliminary injunction is DENIED. (DE # 21.)

This 3 April 2020.

_____
W. Earl Britt
Senior U.S. District Judge